UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA LYNN TRAPP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-00742-AWI-EPG<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 26) |

On August 19, 2021, Shellie Lott, counsel for Plaintiff Anna Lynn Trapp ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 26.) As explained below, the Court will grant Plaintiff's counsel leave to file supplemental briefing in support of the motion.

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . .

1

>certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Plaintiff's counsel requests an award of $14,722.75, representing 25% of the past-due benefits awarded to Plaintiff, which total $58,891.00. (*See* ECF No. 26.) However, the motion does not address the above factors or otherwise explain why a fee award of 25% is reasonable under the circumstances of this case.[1] Thus, the Court will grant Plaintiff's counsel

---

[1] For example, Plaintiff's counsel seeks an award of $14,722.75 for a total of 37.8 hours spent on this case. According to Ms. Lott's declaration, she spent a total of 3.8 hours on this matter and Sarah Bohr spent a total of 34.0 hours on this matter, including a total of 20 hours spent preparing the opening brief. In addition to not addressing the

2

leave to file supplemental briefing regarding the reasonableness of the requested fee award.

I. **CONCLUSION AND ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of this order, Plaintiff's counsel may file supplemental briefing regarding the reasonableness of the requested fee award; and
2. Plaintiff's counsel shall serve Plaintiff with a copy of this order and any supplemental briefing and file proof of such service with the Court.

IT IS SO ORDERED.

Dated: **September 28, 2021**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

reasonableness of these expenditures generally, the motion does not describe Ms. Bohr's background or qualifications, such as whether she is an attorney or paralegal, or her experience with Social Security cases.