UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA LYNN TRAPP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:19-cv-00742-AWI-EPG<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 26) |

Before the Court is a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) filed by Shellie Lott, counsel for Plaintiff Anna Lynn Trapp ("Plaintiff"). (ECF No. 26.) For the following reasons, the motion for an award of attorney's fees is GRANTED in the amount of $14,722.75. Plaintiff's counsel shall reimburse Plaintiff for the $7,050.00 in fees and costs previously awarded pursuant to the Equal Access to Justice Act ("EAJA"). (*See* ECF No. 25.)

**I.     BACKGROUND**

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for Disability Insurance Benefits under the Social Security Act. (ECF No. 1.) On January 23, 2019, Plaintiff filed her opening brief. (ECF No. 18.) On March 19, 2020, the parties filed a stipulation agreeing to a voluntary remand of this case pursuant to sentence for of 42 U.S.C. § 405(g). (ECF No. 21.) The Court entered an order approving the stipulation and

1  judgment was entered on March 19, 2020. (ECF Nos. 22, 23.)

2      On May 7, 2020, the parties filed a stipulation for an award of $7,050.00 in attorneys' fees
3  under EAJA. (ECF No. 24.) Senior District Judge Anthony W. Ishii entered an order awarding
4  attorneys' fees under EAJA pursuant to the stipulation. (ECF No. 25.)

5      On remand, an administrative law judge held a hearing on February 23, 2021, which
6  resulted in a fully favorable decision dated April 8, 2021. (ECF No. 26-1 at 1.) The
7  Commissioner awarded $58,891.00 in past-due benefits to Plaintiff. (ECF No. 26-2 at 5.)

8      On August 19, 2021, Plaintiff's counsel filed a motion seeking attorneys' fees in the
9  amount of $14,722.75 pursuant to 42 U.S.C. § 406(b), with a credit to Plaintiff for the EAJA fees
10 previously awarded. (ECF No. 26.)  Plaintiff and the Commissioner of Social Security were each
11 served with a copy of the motion. (ECF No. 26 at 3.) The Commissioner has filed a response to
12 the motion neither assenting nor objecting to the requested fees. (ECF No. 27.) On September 28,
13 2021, the Court granted Plaintiff's counsel leave to file supplemental briefing in support of the
14 motion addressing the reasonableness of the requested fee award. (ECF No. 28.) On October 12,
15 2021, Plaintiff's counsel filed a supplemental brief in support of the motion. (ECF No. 29.) The
16 supplemental brief was also served on Plaintiff and the Commissioner. (ECF No. 29 at 5.)
   Plaintiff has not filed an objection or any other response to the motion.

17 **II.     DISCUSSION**

18     Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in
19 which they have successfully represented social security claimants. Section 406(b) provides:

20 > Whenever a court renders a judgment favorable to a claimant under this subchapter
21 > who was represented before the court by an attorney, the court may determine and
   > allow as part of its judgment a reasonable fee for such representation, *not in excess
22 > of 25 percent of the total of the past-due benefits to which the claimant is entitled
   > by reason of such judgment*, and the Commissioner of Social Security may . . .
23
24 > certify the amount of such fee for payment to such attorney out of, and not in
   > addition to, the amount of such past-due benefits . . . .

25
26 42 U.S.C. § 406(b)(1)(A) (emphasis added).

27     "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the
28 [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not

responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the section 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

///

Here, the fee agreement between Plaintiff and Plaintiff's counsel, which is signed by Plaintiff, provides:

> This is a contingent fee contract. If Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits.
>
> If Attorney prevails before the Federal Court, Attorney will make application to the court to order SSA to pay attorney fees in accordance with the Equal Access to Justice Act ("EAJA"). Time records for such fees will be kept on a 1/10 hour convention and charged at the maximum rate allowed under EAJA. Such fees are generally made payable directly to Attorney.
>
> I hereby assign any and all rights to any attorney fees payable under the Equal Access of Justice Act to my attorneys, Shellie Lott, CERNEY KREUZE & LOTT, LLP, and hereby consent to the payment of those fees directly to my attorneys either by check payable to my attorneys or by direct deposit into my attorneys' bank account.
>
> If Claimant subsequently is awarded benefits after the remand from Federal Court, Claimant will owe Attorney the difference between the 25% fee specified above and the amount paid by SSA in accordance with EAJA. Applicable regulations require approval by the Court of the fee requested, and the Court must determine if the fee is reasonable.

(ECF No. 26-3 at 1.)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. Plaintiff's counsel represents that she and attorney Sarah H. Bohr spent a total of 37.8 hours of attorney time representing Plaintiff in this matter. (ECF Nos. 26-4, 29-1.) Counsel ultimately gained a favorable decision in that the case was remanded to an Administrative Law Judge and resulted in an award of benefits to Plaintiff. (ECF No. 29.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Plaintiff's counsel seeks an award of $14,722.75, which results in a blended hourly rate for attorney time of approximately $389.49. The Ninth Circuit has found similar—and in many cases, higher—effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and

dissenting in part); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

Further, the requested attorney fees award of $14,722.75 is approximately 25% of past-due benefits awarded to Plaintiff. This amount is equal to, but does not exceed, 25% of past-due benefits and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting section 406(b) attorney fees in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting section 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting section 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011), *adopted by* 2011 WL 841363 (recommending an award of section 406(b) attorney fees in the amount of $34,500.00).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

An award of attorney fees pursuant to section 406(b) in the amount of $14,722.75 is therefore appropriate. An award of section 406(b) fees, however, must be offset by any prior award granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $7,050.00 in fees pursuant to EAJA; as such, the section 406(b) award will be offset by $7,050.00 for a net award of $7,672.75.

### III.  CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 26) in the amount of $14,722.75 is GRANTED;

2. Plaintiff's counsel is ordered to reimburse Plaintiff $7,050.00 for the EAJA fees and costs previously awarded pursuant to 28 U.S.C. § 2412.

3. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff at the following address.

>    Anna Lynn Trapp
>    1317 Carver Road #3
>    Modesto, CA 95350

IT IS SO ORDERED.

Dated:  **November 9, 2021**                    /s/ Erica P. Grosjean
                                                                 UNITED STATES MAGISTRATE JUDGE